**KUIPING GOU, AKA Baojun Hou, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 12-71241

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 14, 2017

Mun Su Park, Ph.D., Attorney, Law Offices of Park & Associates, Tamuning, GU, for Petitioner

Yamileth G. Davila, Trial Attorney, Jonathan Aaron Robbins, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM **

Kuiping Gou's opposed motion to remand (Docket Entry No. 22) is denied.

Gou, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asy-

lum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-1040 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We reject Gou's contention that he sufficiently challenged the IJ's denial of his asylum application as untimely on appeal to the BIA. Thus, we lack jurisdiction to consider his contentions regarding the timeliness of his asylum application raised for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's adverse credibility determination based on the agency's findings as to Gou's identity, and his varying assertions as to his level of involvement in forced birth control procedures in China. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the totality of circumstances); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (upholding adverse credibility determination based in part on a failure to establish identity credibly). In the absence of credible statements, in this case, Gou's withholding of removal claim fails. *See Farah*, 348 F.3d at 1156.

Finally, Gou's CAT claim also fails because it was based on the same statements found not credible, and Gou does not point to any evidence that compels the finding that it is more likely than not he would be tortured by or with the consent or acquies-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

cence of the government of China. *See id.* at 1157.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.